J. BLAINE ANDERSON, Circuit Judge:
 

 The Carnation Company appeals a decision of the Bankruptcy Appellate Panel (BAP) holding that Carnation violated California Civil Procedure Code § 726 (West 1980), and therefore its security interest in a promissory note was void. We affirm.
 

 I. BACKGROUND
 

 Since the facts are thoroughly detailed in the opinion below,
 
 In re Kristal,
 
 37 B.R. 659, 660-61 (Bankr. 9th Cir.1984), we offer only the following brief background sketch: Dr. Harold J. Kristal was indebted to Carnation and so gave Carnation a note secured by real and personal property. Kris-tal defaulted on the note. Carnation then sued in state court, receiving a money judgment based on the amount due on the note and a judgment for foreclosure on the note security. Carnation, in executing upon the judgment, attempted to reach property that Kristal had not pledged as security for the note. It also sold the real property security.
 

 Kristal filed a Chapter 7 petition in bankruptcy. Carnation commenced an adversary proceeding seeking leave of the bankruptcy court to foreclose on the .note collateral pursuant to the state court judgment. The bankruptcy trustee opposed the foreclosure. The bankruptcy court held that Carnation’s pursuit of Kristal’s unpledged assets violated the security first principle of § 726, and, as a consequence, its security interest in the collateral was void. The BAP affirmed the bankruptcy court’s decision.
 

 II. SECTION 726
 

 The bankruptcy court’s conclusions of law are subject to
 
 de novo
 
 review.
 
 In re Comer,
 
 723 F.2d 737, 739 (9th Cir.1984).
 

 Section 726 provides that there can be but one form of action for the recovery of any debt secured by a mortgage on real property. In the event of a default, the mortgagee’s sole judicial remedy is a foreclosure action. If the creditor fails to include security in the action, the debtor may treat the omitted property as free of the lien.
 

 The purposes underlying this and other anti-deficiency statutes enacted during the Great Depression were:
 

 to prevent multiplicity of actions, to compel exhaustion of all security before entry of a deficiency judgment and to require the debtor to be credited with the fair market value of the secured property before being subjected to personal liability.
 

 Walker v. Community Bank,
 
 10 Cal.3d 729, 736, 518 P.2d 329, 333, 111 Cal.Rptr. 897, 901 (1974). The BAP found that although Carnation included all its security in the state court action, its post-judgment conduct, that of executing on unpledged property before exhausting its security, violated the spirit and intent of the statute. Finding that § 726 applies to personal, as well as to real property security, the BAP held that “[wjhen Carnation deviated from the statutory prescriptions of C.C.P. § 726 by failing to apply for a fair value hearing, and by proceeding against the debtor’s general-estate, it ‘omitted’ security from its action, and thus, waived its security interest in the chattel security.”
 
 In re Kristal,
 
 37 B.R. at 663.
 

 We have carefully considered the arguments advanced by Carnation in this appeal. Nevertheless, we are convinced that the reasoning of the BAP is sound, and that it correctly analyzed and applied California law. Accordingly, we affirm for the reasons set forth in the BAP decision.
 
 Id.
 
 at 661-64.
 

 III.COLLATERAL ATTACK
 

 Carnation received a state court judgment providing for both a money and a
 
 *456
 
 foreclosure remedy. Carnation contends that this judgment allowed it to pursue both remedies concurrently. The trustee asserts that Carnation should have elected between the remedies and that its pursuit of execution constituted an election, thus waiving foreclosure. Carnation answers that the trustee is launching an impermissible collateral attack on a valid state court judgment.
 

 Although the BAP did not expressly address this issue, it did state:
 

 The money judgment Carnation held as a result of the state court action did not waive compliance with the deficiency judgment prescriptions stated in the statute. Carnation’s nonfeasance caused it to violate C.C.P. § 726. Carnation cannot do by judicial declaration that which is prohibited by statute.
 

 In re Kristal,
 
 37 B.R. at 663. We agree. The trustee is not attacking the validity of the judgment. The judgment did not state either that the remedies were concurrent or that they were mutually exclusive. Thus, choosing either interpretation would not violate the express terms of the judgment. Resolving the ambiguity in favor of following the statutory prescriptions, we find that the proper procedure would have been for Carnation to elect remedies. It should have either foreclosed on its security and ran the risk of incurring an uncollectible deficiency, or taken recourse against Kris-tal’s entire personal estate and lost its status as a secured creditor.
 

 IV. POST-JUDGMENT LIENS
 

 Since the BAP decision is affirmed, Carnation seeks a determination of whether it obtained valid judgment liens through its efforts to pursue the money judgment portion of its state decree. As this issue was not briefed or argued below, we choose not to decide it.
 
 United States v. Whitten,
 
 706 F.2d 1000, 1012 (9th Cir.1983);
 
 United States v. Patrin,
 
 575 F.2d 708, 712 (9th Cir.1978). Carnation is not foreclosed from pursuing a determination of the validity of its judgment liens since the issue was expressly not decided by the bankruptcy court.
 
 See In re Kristal,
 
 37 B.R. at 664.
 

 AFFIRMED.