In re **PAJARO DUNES RENTAL AGENCY, INC., a California corporation, dba Monterey Bay Caterers, Debtor,**

**PAJARO DUNES RENTAL AGENCY, INC., a California corporation, dba Monterey Bay Caterers, Plaintiff and Appellee,**

v.

**Laurence L. SPITTERS, Trustee for eight irrevocable trusts of children of Laurence L. Spitters; Laurence L. Spitters, an individual, Defendants and Appellants.**

**Bankruptcy No. C–92–4595–JPV.**

United States District Court,
N.D. California.

May 19, 1993.

---

Craig Welch, Welch, Olrich & Mori, San Francisco, CA for Pajaro Dunes.

Scott Smith, Richard Avila, Louis Esbin, Smith & Smith, Los Angeles, CA for Laurence Spitters.

## ORDER AFFIRMING BANKRUPTCY COURT'S RULING

VUKASIN, District Judge.

### INTRODUCTION

Appellee, Pajaro Dunes Rental Agency, Inc. ("Pajaro Dunes"), is a California corporation. Hare, Brewer & Kelley, Inc. ("Hare") is also a California corporation and is the majority shareholder of Pajaro Dunes. William Kelley and Ryland Kelley ("Kelleys") are the sole shareholders of Hare, and Ryland Kelley is the president and director of Pajaro Dunes.

On May 1, 1989, Pajaro Dunes and Hare executed a $1 million note in favor of appellant Laurence Spitters ("Spitters"), individually and as Trustee. The Kelleys, in their personal capacities, secured and guaranteed the note by executing a deed of trust on an office building owned by the Kelleys. The bankruptcy court found that the note secured by deed of trust from the Kelleys constituted a guaranty. On or about January 29, 1990, the maturity date of the note was extended to April 1, 1990.

Pajaro Dunes and Hare defaulted on the note on April 1, 1990. Shortly thereafter on May 1, 1990, the Kelleys transferred ownership of their office building to Pajaro Dunes by grant deed, making Pajaro Dunes the new guarantor of the note and successor in interest to the Kelleys.

On November 2, 1990, Spitters brought a single state court action against Hare, Pajaro Dunes, and the Kelleys for judicial foreclosure of the deed of trust, and for recovery of the amounts due on the note.

On July 1, 1991, Pajaro Dunes filed for bankruptcy under Chapter 11, which stayed the foreclosure proceeding. That stay remains in place today. On October 7, 1991, Spitters accepted a stipulated personal money judgment against Hare and the Kelleys for $1 million plus interest and attorneys fees, an amount representing the total obligation owed by Hare, Pajaro Dunes and the Kelleys.

In response to Spitters' acceptance of the money judgment, Pajaro Dunes filed a complaint in the United States Bankruptcy Court including a specific claim to quiet title on the office building and to determine lien validity ("Fifth Claim for Relief"). Spitters then filed a motion to dismiss the Fifth Claim for Relief. Pajaro Dunes opposed the motion and filed a counter motion for summary judgment. On June 24, 1992, the Honorable Arthur S. Weissbrodt, United States Bankruptcy Judge, entered his memorandum of decision and final order denying Spitters' motion to dismiss, and granting Appellee's motion for summary judgment. This appeal from that decision, scheduled to be heard by this court on March 4, 1993, was submitted without oral argument pursuant to Local Rule 220–1. Jurisdiction is proper pursuant to 28 U.S.C. § 158(a).

The issue on appeal is to determine whether Spitters' act of accepting a personal money judgment against Hare and the Kelleys constituted a waiver of Spitters' right to foreclose on the office building under California Civil Procedure Code § 726.

The facts of this case place the operation of California Civil Procedure Code § 726 in what appears to this court to be a unique setting; no cases have been located that

address the applicability of § 726's security-first rule to a situation involving the bankruptcy of a co-maker of a secured note. This court affirms the ruling of the Bankruptcy Court and holds that Spitters waived its security interest in Pajaro Dunes' office building by recovering against Hare and the Kelleys.

## STANDARD OF REVIEW

Conclusions of law reached by the bankruptcy court are subject to *de novo* review, and findings of fact shall not be set aside unless clearly erroneous. *In Re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

## DISCUSSION

I. CALIFORNIA CIVIL PROCEDURE CODE § 726 ALLOWS ONLY ONE FORM OF CREDITOR ACTION FOR THE RECOVERY OF ANY DEBT SECURED BY MORTGAGE OR DEED OF TRUST ON REAL PROPERTY

A. *Policy Of § 726*

■ Pursuant to California Civil Procedure Code § 726, a creditor may only recover from a debtor's personal estate by first foreclosing on the property pledged as security for the loan and then recovering a deficiency judgment for the difference between the amount due on the note and the proceeds from the sale of the property. *Winklemen v. Sides*, 31 Cal.App.2d 387, 88 P.2d 147 (1939). The security becomes the primary fund from which the debt is satisfied. Under § 726, the security must be exhausted before the creditor recovers on the underlying obligation. As a result, § 726 is both a security-first rule and a one-action rule.

The relevant text of § 726 provides:

(a) There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter.

The California Supreme Court has determined that § 726 was intended to prevent multiplicity of actions against the debtor, to compel the exhaustion of all security before entry of a deficiency judgment, and to require the debtor to be credited with the fair market value of the secured property before being subjected to personal liability. *Walker v. Community Bank*, 10 Cal.3d 729, 736, 111 Cal.Rptr. 897, 518 P.2d 329 (1974). The statute is unambiguous in its attempt to force the creditor to pursue foreclosure against the collateral pledged as security on a note, instead of attempting to hold the debtor personally liable.

■ Although § 726 confines the creditor to one remedy, the creditor is afforded more comprehensive relief than was previously available at common law. At common law, the creditor was required to file separate actions when seeking a deficiency judgment. Section 726 allows the creditor to bring both a foreclosure and a deficiency judgment in the same action. *Felton v. West*, 102 Cal. 266, 36 P. 676 (1894).

■ The one-action requirement of § 726 prohibits a secured creditor from obtaining a judgment on the note, then foreclosing on the property. The debtor can challenge the creditor in two ways, either by raising § 726 as an affirmative defense or as a sanction. *Walker v. Community Bank*, 10 Cal.3d at 735–36, 111 Cal.Rptr. 897, 518 P.2d 329. At issue in this case is the sanction effect of § 726.

B. *Spitters' Taking Of A Stipulated Money Judgment Triggered The Sanction Aspect Of Section 726*

■ Under California law, whenever an obligation is secured by a mortgage or deed of trust on real property, a creditor is prohibited from suing the debtor on the note until the security has been exhausted through foreclosure. Cal.Civ.Proc.Code § 726; *Walker v. Community Bank*, 10 Cal.3d 729, 733, 111 Cal.Rptr. 897, 518 P.2d 329 (1974). If the creditor chooses to take judgment on the note, the creditor is deemed to have made an election of remedies regarding his right to recovery. *Salter v. Ulrich*, 22 Cal.2d 263, 138 P.2d 7 (1943). Therefore, if the creditor chooses

to obtain a personal money judgment instead of foreclosing on the security for satisfaction of the debt, the sanction aspect prevents the creditor from later foreclosing on the security.

■ In the instant case, the note in favor of Spitters was secured by a deed of trust on real property, thus making Spitters' actions regarding debt collection restricted by § 726. Spitters obtained a stipulated personal money judgment from Hare and the Kelleys on the debt owed to Spitters by Hare and Pajaro Dunes.[1] By choosing not to wait and pursue foreclosure on the security, in addition to any potential deficiency judgment, Spitters' acceptance of the money judgment triggered the sanction aspect of § 726. Pajaro Dunes then exercised its rights under the statute and declared that Spitters had waived any right to foreclose on the deed of trust at a later date.

### C. No Showing Of Prejudice To The Party Asserting Section 726 Is Necessary

■ Spitters argues that because Pajaro Dunes suffered no prejudice as a result of Spitters taking the stipulated judgment from Hare and the Kelleys, no violation of § 726 has occurred. The language of § 726 makes no reference to a requirement that a co-maker of a note must suffer prejudice before asserting his or her rights under the statute. Section 726 is designed to protect from personal liability both makers and co-makers of a note secured by deed of trust on real property until such time as the security for the loan has been exhausted. Consequently, Spitters has waived its future right to foreclose on the security.

### D. Use Of Security As Primary Fund

The policy of using the security as a primary fund to pay off a debt is illustrated in *In Re Kristal*, 758 F.2d 454 (9th Cir.1985). In *Kristal*, the debtor defaulted on a note secured by real and personal property. The creditor then obtained both a money judgment against the debtor's property in addition to a judgment for foreclosure. When the creditor attempted to foreclose on the property pledged as security, the debtor asserted its protection under § 726, arguing that the creditor had waived his interest in the security. The Ninth Circuit held that the creditor had waived its security interest when it "deviated from the statutory prescriptions" of § 726 by taking a personal judgment and attempting to execute it against the debtor's other assets. *Kristal*, 758 F.2d at 455.

In the instant case, Spitters deviated from the procedures of § 726 by taking a personal judgment before foreclosing on the note as the primary fund. Were this court to overturn the bankruptcy court's ruling, Spitters would be able to execute the judgment against Hare and the Kelleys, using assets other than those pledged as security for the note, and then, at a later date (presumably after the bankruptcy stay had been lifted), Spitters could foreclose on the real property pledged as security. This is exactly what § 726 is designed to prevent.

## II. SECTION 726 APPLIES TO ALL NOTES SECURED BY DEEDS OF TRUST REGARDLESS OF WHETHER THE GUARANTOR AND THE DEBTOR ARE ONE AND THE SAME

### A. A Co–Maker May Assert § 726

■ A co-maker of a note is entitled to assert § 726 even though he may simultaneously be the guarantor of the note and a primary debtor. *Pacific Valley Bank v. Schwenke*, 189 Cal.App.3d 134, 142, 234 Cal.Rptr. 298 (1987). In *Schwenke*, two obligors, Schwenke and O'Brien, signed a promissory note secured by deeds of trust on two properties. The properties were owned by Schwenke and O'Brien. Follow-

---

**1.** This court notes that at the time Spitters took the money judgment, foreclosure on the office building was stayed as a result of the bankruptcy proceeding against Pajaro Dunes. Although this may have delayed the immediate pursuit of foreclosure on the security, it does not affect this court's analysis of whether Spitters forfeited the right of foreclosure by accepting the stipulated money judgment.

ing a series of transactions by the creditor, involving the reconveyance of two of O'Brien's deeds of trust without Schwenke's knowledge, the creditor filed suit against Schwenke to recover the amounts still owed. In response, Schwenke raised § 726 as a defense to the creditor's suit.

The court permitted Schwenke to assert the sanction aspect of § 726. *Schwenke*, 189 Cal.App.3d at 146, 234 Cal.Rptr. 298. The *Schwenke* court concluded that "the 'one-action' rule plainly applies to all notes secured by deeds of trust in California, without regard to whether the mortgagor and the debtor are one and the same." *Id.*

 In the instant case, Pajaro Dunes and Hare jointly and severally signed the note secured by deed of trust on the office building in return for the $1 million loan from Spitters. When the note was signed, the Kelleys held the deed to the office building. Prior to Pajaro Dunes' filing for bankruptcy, the Kelleys executed a grant deed conveying the interest in the office building to Pajaro Dunes. Thus, at all times relevant to this proceeding, Pajaro Dunes was both the guarantor and co-maker of the note in favor of Spitters.

B. *Pajaro Dunes Has Not Waived Its Right To Assert The Sanction Aspect Of § 726*

 Spitters contends that because no judgment was taken against Pajaro Dunes, the policies of § 726 have not been violated. Spitters argues that judgment was only taken against Hare, with the understanding that Hare had waived its rights under § 726. Spitters then argues that because Hare voluntarily waived its right to assert a defense under § 726, Pajaro Dunes has suffered no prejudice, and therefore, has no standing to object to foreclosure on the note.

 Spitters' argument fails to recognize that the sanction aspect of § 726 can be asserted by any co-maker of a note, especially a co-maker who owns the collateral on the note. It makes no difference that Hare allegedly "waived" its right to assert § 726. As the California Supreme

Court held in *Walker v. Community Bank*, 10 Cal.3d 729, 111 Cal.Rptr. 897, 518 P.2d 329 (1974), even an unrelated third party may enforce the sanction aspect of § 726.

In *Walker*, Diversified Enterprises, Inc. ("Diversified"), obtained refinancing from defendant Community Bank ("Bank") of debts owed to the Bank. *Id.* at 732, 111 Cal.Rptr. 897, 518 P.2d 329. Diversified borrowed money from the Bank and in return executed two promissory notes in favor of the Bank. One note was secured by a chattel mortgage, the other was secured by a deed of trust on real property. *Id.* Diversified defaulted and the Bank commenced foreclosure upon the chattel mortgage followed by a subsequent action for deficiency judgment. The Bank made no attempt to execute upon the second note.

Subsequent to the foreclosure action on the first note but prior to the entry of deficiency judgment, Diversified sold to plaintiff Walker the real property securing the second note. *Id.* When the bank attempted to foreclose upon the second note, Walker successfully asserted the sanction aspect of § 726. *Id.* At the time he asserted the defense, Walker was not an obligor, and the original obligor had waived the defense. *Id.* The *Walker* court concluded that the sanction aspect of § 726 can be asserted by a co-debtor or his successor in interest regardless of which one is the owner of the property. *Id.* at 740, 111 Cal.Rptr. 897, 518 P.2d 329. The court stated:

[w]hen the Bank failed to include the real property and thereby failed to exhaust all security before obtaining a deficiency judgment, it automatically triggered the sanction aspect of section 726 and thereby lost all security rights in the real property. *The sanction thus brought into play takes effect regardless of whether the waived security is owned by the debtor or his successor in interest.*

*Id.* at 740, 111 Cal.Rptr. 897, 518 P.2d 329 (emphasis added).

Here, Spitters chose to pursue the one action of taking a personal money judgment against Hare and the Kelleys and not Pajaro Dunes, the other co-maker of the note. In response, Pajaro Dunes asserted the sanction aspect of § 726 to prevent Spitters from first obtaining a personal judgment against Hare, then attempting to foreclose on the security pledged to the note in the future. This court is directed to carry out the policy of § 726 and hereby deems Spitters to have waived any right to foreclose on the note.

## III. THE FACTS OF THIS CASE PRESENT NO STATUTORY CONFLICT

Spitters argues that treating a note secured by deed of trust on real property as a "debt secured by mortgage upon real property," as that term is used in § 726, creates a statutory conflict between § 726 and the suretyship provisions of California Civil Code § 2845.

██ California Civil Code § 2845 allows a surety/guarantor, upon demand, to require the creditor to pursue remedies first against the principal debtor. *Developers Small Business Inv. Corp. v. Hoeckle*, 395 F.2d 80 (9th Cir.1968). The text of § 2845 reads in pertinent part:

A surety may require the creditor ... to proceed against the principal, or to pursue any other remedy in the creditor's power which the surety cannot pursue, and which would lighten the surety's burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which the surety is thereby prejudiced.

Spitters argues that if the note, originally secured by the deed of trust on the Kelleys office building, is treated as "secured" for purposes of § 726, the co-maker of the note can point to the security of the deed of trust and demand that the creditor exhaust the security first. The surety/guarantor, on the other hand, can point to § 2845 and demand with equal force that the creditor must proceed against the principal debtor before enforcing the suretyship trust deed.

This court recognizes that such a situation would indeed give rise to statutory conflict; however, the facts of the instant case present no such conflict. Prior to Pajaro Dunes filing bankruptcy, the Kelleys conveyed the deed of trust on the office building, the same building pledged as security for the note, to Pajaro Dunes. Thus, prior to Spitters initiating the foreclosure action, Pajaro Dunes effectively became both the guarantor of the note, as well as a principal debtor. At no time did the Kelleys or Pajaro Dunes make a demand under § 2845 requiring Spitters to pursue other remedies against Pajaro Dunes or Hare as principal debtors. Indeed, Pajaro Dunes in its dual position of surety and principal debtor would have little incentive to invoke § 2845.

██ This court finds that § 2845 is a permissive statute that was not invoked by either the Kelleys or Pajaro Dunes during their respective periods of suretyship, and thus, presents no statutory conflict with the security-first aspect of § 726. This court recognizes that statutes are to be construed so as to harmonize and give effect to related laws, however, the potential for conflict between § 2845 and § 726 is a problem better addressed by the California legislature than this court, particularly where, as here, the statutory conflict is not presented by the facts of the case, but remains a mere potentiality.

## CONCLUSION

In accordance with the foregoing discussion, this court finds that the decision of the bankruptcy court upholds the fundamental policy of the security-first rule codified in California Civil Procedure Code § 726, and that appellant Spitters waived its security interest in the office building by taking the personal money judgment against Hare and the Kelleys. Accordingly, IT IS HEREBY ORDERED THAT:

1. The final order of the Bankruptcy Court in Case No. 91–53976–ASW is AFFIRMED.

IT IS SO ORDERED.