[Civ. No. 44835. First Dist., Div. Two. Oct. 6, 1980.]

ION EQUIPMENT CORPORATION, Plaintiff and Appellant, v. RONALD L. NELSON et al., Defendants and Respondents.

**COUNSEL**

Blair W. Stewart, Jr., Janet C. Graham and Wilson, Sonsini, Goodrich & Rosati for Plaintiff and Appellant.

Albert L. Boasberg for Defendants and Respondents.

OPINION

**MILLER, J.**—Ion Equipment Corporation appeals from a judgment of dismissal following the granting of respondents' motion for judgment on the pleadings.[1]

The judicial history leading to the present appeal is chronologized as follows:

The instant case is an outgrowth of a previous case wherein respondent Ronald L. Nelson (hereafter Nelson), plaintiff in that case, received a judgment following trial against then defendant, Ion Equipment Corporation (hereafter Ion), for monies due under a claimed contract of employment between Nelson and Ion.

Ion filed a notice of appeal and on February 13, 1973, filed an undertaking on appeal for money judgment with two individual sureties, both of whom were accepted and qualified by the court. On July 5, 1973, this court granted Nelson's motion to dismiss the appeal.

On July 13, 1973, while the Court of Appeal retained jurisdiction over the matter, Nelson, through his attorney, Albert Boasberg (hereafter Boasberg), obtained a writ of execution from the Clerk of the Superior Court of Santa Clara County directed to the Sheriff of Los Angeles County.

On July 25, 1973, before entry of the remittitur from the Court of Appeal finalizing its decision of dismissal, the sheriff served the writ of execution on Hughes Aircraft, a trade debtor of Ion.

---

[1]Ion also purports to appeal from 1) an order dismissing a second and third cause of action following the court's sustaining respondents' demurrer without leave to amend and 2) an order denying Ion's motion for partial summary judgment which are normally nonappealable but reviewable on appeal from a final judgment. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 64(1)(a) and 66(5).) The difficulty in the instant action is that the judgment appears to be based on Ion's motion for judgment on the pleadings for only the first cause of action and not all three causes of action. Consequently, the judgment fails to meet the requirements of the one final judgment rule. (*Mather* v. *Mather* (1936) 5 Cal.2d 617, 618 [55 P.2d 1174].) Since all pertinent documents are now before this court, in the interests of justice and to prevent unnecessary delay, we order that the May 9, 1978, judgment be amended by adding thereto a paragraph dismissing the second and third causes of action based on the May 28, 1974, order sustaining the demurrer without leave to amend. (*Shepardson* v. *McLellan* (1963) 59 Cal.2d 83, 89 [27 Cal.Rptr. 884, 378 P.2d 108]; *Gombos* v. *Ashe* (1958) 158 Cal.App.2d 517, 524 [322 P.2d 933].)

Prior to this time, on January 1, 1971, Nelson engaged in a telephone conversation with an employee of Ion, while the employee was acting within the scope of his employment. The conversation concerned Nelson's claim of entitlement to employment with Ion. Nelson recorded this conversation without the knowledge or consent of Ion.

On August 6, 1973, Ion filed an action for damages against Nelson and Boasberg for abuse of process for injuries arising from their use of the writ of execution prior to the finality of the Court of Appeal's decision. A second cause of action was included for invasion of privacy pursuant to Penal Code section 632 in connection with Nelson's recording of the above-mentioned telephone conversation.

Respondents generally demurred to the complaint and the demurrer was sustained with leave to amend.

On November 7, 1973, Ion filed a first amended complaint containing three causes of action: abuse of process; violation of Penal Code section 632 (eavesdropping on confidential communications, etc.); and invasion of privacy. Respondents demurred to this amended complaint. The trial court overruled the demurrer as to the abuse of process cause of action, but sustained the demurrer, without leave to amend, on the second and third causes of action.

On March 22, 1974, Ion amended its first amended complaint to allege damages more specifically. Respondents again generally demurred to the complaint as amended, and the demurrer to the abuse of process cause of action was again overruled.

On December 19, 1974, Ion filed a motion for partial summary judgment asking that the court recognize as established for trial purposes the fact that respondents improperly caused the writ of execution to be issued at a time when enforcement of the judgment was stayed pending appeal. This motion was denied on January 17, 1975.

Prior to trial, respondents moved for a judgment on the pleadings. The motion was granted and a judgment of dismissal was entered without leave to amend. This appeal followed.

Appellant contends that its first cause of action is one for abuse of process and maintains that a cause of action therefor has been stated in its complaint.  ■  The tort of abuse of process is defined in the re-

statement as follows: "One who uses a legal process...against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby." (Rest., Torts, § 682, p. 464; *Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 231 [317 P.2d 613]; *Tranchina* v. *Arcinas* (1947) 78 Cal.App.2d 522, 525 [178 P.2d 65].) Some definite act or threat beyond the scope of the process is required in an abuse of process cause of action. Generally, an action lies only where the process is used to obtain an unjustifiable *collateral advantage.* For this reason, mere vexation or harassment are not recognized as objectives sufficient to give rise to the tort. (*Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 466 [72 Cal.Rptr. 344, 446 P.2d 152]; *Spellens* v. *Spellens, supra,* 49 Cal.2d at p. 232; *Golden* v. *Dungan* (1971) 20 Cal.App.3d 295, 301-302 [97 Cal.Rptr. 577].)

The essential elements of abuse of process are: (1) an ulterior motive; and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings. (*Spellens* v. *Spellens, supra,* at pp. 231-232; *Kyne* v. *Eustice* (1963) 215 Cal.App.2d 627, 632 [30 Cal. Rptr. 391]; see also, Prosser, Torts (4th ed.) § 121, p. 857.)

█ Abuse of process is an intentional tort and its essential elements have not been met in the instant case. The pleadings do not establish an ulterior motive or a willful misuse of the process on respondents' part.

█ For purposes of abuse of process, the ulterior motive to prove is that the party employing the process did so for an end not germane thereto. (Debt Collection Tort Practice (Cont.Ed.Bar 1971) § 5.19, p. 129.) And, an improper purpose may consist in achievement of a benefit totally extraneous to or of a result not within its legitimate scope. (*Templeton Feed & Grain* v. *Ralston Purina Co., supra,* 69 Cal.2d at p. 466; *Spellens* v. *Spellens, supra,* 49 Cal.2d at p. 231.) Mere ill will against the adverse party in the proceedings does not constitute an ulterior or improper motive. (*Kyne* v. *Eustice, supra,* 215 Cal.App.2d at p. 632; *Pimentel* v. *Houk* (1951) 101 Cal.App.2d 884, 886 [226 P.2d 739].)

█ Here, the pleadings indicate that respondents' motive was to attempt to collect an unsatisfied judgment that appellant owed respondent Nelson.

Appellant attempts to infer an ulterior motive on respondents' part by alleging that issuance of the writ itself was improper because it was

issued at a time when enforcement of a money judgment was stayed on appeal pursuant to Code of Civil Procedure section 917.1. Issuance of the writ may be improper, but since appellant's cause of action is framed as one for abuse of process, it must still sufficiently plead the elements necessary in establishing the tort. Appellant has failed to do so because it has not established the intent on respondents' part in causing the writ to issue. Therefore, the trial court properly granted respondents' motion for judgment on the pleadings.

■ Next, appellant contends that it was an abuse of discretion by the trial court to grant respondents' motion for judgment on the pleadings without granting appellant leave to amend where the complaint had been twice upheld against a general demurrer.

■ A motion for judgment on the pleadings may be made at any time either prior to the trial or at the trial itself. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 161, p. 2816.) The motion may be made even when a general demurrer has been previously overruled. The interests of all parties are advanced by avoiding a trial and reversal for defect in pleadings. The objecting party is acting properly in raising the point at his first opportunity, by general demurrer. If the demurrer is erroneously overruled, he is acting properly in raising the point again, at his next opportunity. If the trial judge made the former ruling himself, he is not bound by it. (*Davis* v. *City of Santa Ana* (1952) 108 Cal.App.2d 669, 684 [239 P.2d 656].) And, if the demurrer was overruled by a different judge, the trial judge is equally free to reexamine the sufficiency of the pleading. (*Ser-Bye Corp.* v. *C.P. & G. Markets* (1947) 78 Cal.App.2d 915, 918 [179 P.2d 342]; see also 4 Witkin, *supra*, § 170, pp. 2822-2823.)

Looking to the facts of the instant case, general demurrers were raised by respondents on two separate occasions. The demurrers were overruled by two different superior court judges. ■ Since the grounds for a motion for judgment on the pleadings are the same as the grounds for a general demurrer (1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1977) § 13.2, p. 448), respondents were entitled to raise the motion as they so did. The trial judge reexamined the complaint and found that it did not state a cause of action for abuse of process because it lacked the elements of ulterior motive and misuse of the process on the part of respondents. Thereafter, a judgment of dismissal on motion for judgment on the pleadings was granted without leave to amend.

We agree with the trial court's decision in granting the motion because we have determined that the pleadings do not disclose those elements of the tort. Nor does the record suggest that had appellant been given leave to amend its complaint, it could have done so successfully.

The right to amend is not unqualified. If a party has had several chances to amend a defective pleading and fails to do so (*Hardy* v. *Admiral Oil Co.* (1961) 56 Cal.2d 836, 842 [16 Cal.Rptr. 894, 366 P.2d 310]), or if the defect is not curable by amendment (*Shabrick* v. *Moore* (1961) 195 Cal.App.2d 56, 60 [15 Cal.Rptr. 310]), the court may grant the motion for judgment on the pleadings.

Appellant attempted to amend its complaint to allege damages more specifically. However, it failed to amend its complaint with sufficient specificity as to the element of intent required in its cause of action.

Appellant bases its second cause of action on Penal Code sections 632 and 637.2 for eavesdropping on confidential communications, and its third cause of action on common law invasion of privacy. Both actions are in connection with respondent Nelson's recording of a telephone conversation with an Ion employee.

Since appellant has several contentions with respect to its second cause of action, we will address its third cause of action first.

█ The lower court properly sustained respondents' demurrer to appellant's third cause of action because a corporation does not have a common law right to privacy and therefore cannot bring an action for invasion of privacy.

It is generally agreed that the right to privacy is one pertaining only to individuals, and that a corporation cannot claim it as such. (Prosser, Torts, *supra* (4th ed.) § 117, p. 815.) This is because the tort is of a personal character "concern[ing] one's feelings and one's own peace of mind." (*City of Carmel-by-the-Sea* v. *Young* (1970) 2 Cal.3d 259, 268 [85 Cal.Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313]; see also, *Fairfield* v. *American Photocopy etc. Co.* (1955) 138 Cal.App.2d 82, 86 [291 P.2d 194].) A corporation is a fictitious person and has no "feelings" which may be injured in the sense of the tort.

In addition, there are no California cases recognizing that a corporation enjoys the right of privacy. Consequently, no case law exists indi-

cating that a corporation has a viable cause of action for invasion of privacy.

■ Appellant's second cause of action is for eavesdropping on confidential communications. Although a corporation cannot bring a cause of action for common law invasion of privacy, we agree with appellant that a corporation may bring an action pursuant to Penal Code sections 632 and 637.2.

The California Legislature acknowledged the increasing threat to privacy due to "advances in science and technology" which "have led to the development of new devices and techniques for the purpose of eavesdropping...." (Pen. Code, § 630.) Thus, the Legislature enacted a chapter of offenses entitled "Invasion of Privacy" (Pen. Code, §§ 630-637.2) to protect against these modern forms of invasion of privacy.

Appellant bases its second cause of action on Penal Code section 632,[2] and brings this suit pursuant to Penal Code section 637.2[3] which allows for civil damages.

Section 632, subdivision (b) defines the term "person" to include corporations as perpetrators of the offenses defined in section 632,

---

[2] Section 632 provides in pertinent part: "(a)... Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records such confidential communication, whether such communication is carried on among such parties in the presence of one another or by means of a telegraph, telephone or other device, except a radio, shall be punishable by fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both such fine and imprisonment in the county jail or in the state prison....

"(b) Person. The term 'person' includes an individual, business association, partnership, corporation, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or recording such communication."

[3] Section 637.2 provides: "...(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

"(1) Three thousand dollars ($3,000).

"(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

"(b) Any person may, in accordance with the provisions of Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).

"(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

subdivision (a). Section 637.2 does not define the term in the context of who may bring an action for such offenses but merely states that "any person" may do so. The purpose of the Invasion of Privacy chapter is to deter wrongful conduct. That purpose could be easily circumvented if it were not an offense to eavesdrop upon or record confidential communications of corporations. Since a corporation is considered a "person" which may be held liable for invasion of privacy pursuant to Penal Code section 632, subdivision (a), we believe the Legislature intended the words "any person" stated in section 637.2, subdivision (a), to include corporations as well.

Penal Code section 4 sets forth guidelines in interpreting its penal statutes: "...All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

Therefore, in view of the pleadings in the instant appeal placed within the narrow confines of Penal Code sections 632 and 637.2, we go no further than to recognize that appellant may bring a cause of action for eavesdropping on confidential communications.

■ Respondents' contention that appellant's invasion of privacy cause of action is barred by the statute of limitations is without merit.

The statute of limitations in which to commence an action for invasion of privacy is one year. (Code Civ. Proc., § 340.)

The telephone conversation between respondent Nelson and appellant's employee took place on January 1, 1971, at which time Nelson recorded it without the knowledge or consent of appellant or its employee. Appellant did not become aware of the tape-recorded conversation until October 24, 1972. However, it failed to allege so in its original complaint filed on August 6, 1973. Appellant thereafter was given leave to amend its original complaint and on November 7, 1973, amended its complaint therein alleging the date it discovered the recording.

Where an amended complaint merely corrects defects in the original pleading of the same cause, and there is no change in the general set of facts or nature of the case, the amendment may be made after the statute of limitations has run and the amended complaint is deemed filed as of the date of the original complaint. (*Robinson v. Smith* (1962) 211 Cal.App.2d 473, 480 [27 Cal.Rptr. 536].)

Appellant amended its complaint to allege the date that it discovered the tape-recorded conversation in conjunction with its invasion of privacy cause of action. In so doing, appellant corrected a major defect in its original pleadings because the statute of limitations would have barred its cause of action had the January 1, 1971, date of the recording of the conversation been the only one appellant relied upon in its pleadings.

■ Respondents also contend that appellant was collaterally estopped from litigating the issue of confidentiality proscribed by Penal Code section 632, subdivision (c). Again, respondents' contention fails.

One of the elements of a cause of action pursuant to Penal Code section 632 is that the recorded communication must be confidential. In the initial action between appellant and respondent Nelson, Nelson successfully attempted to introduce the tape recording of the conversation between Nelson and appellant's employee as evidence. Respondents in this action argue that the prior ruling meant that the recording was not a confidential communication and thus the issue should have a collateral estoppel effect in this proceeding.

■ The purpose of a general demurrer is to determine the sufficiency of the complaint and the court should only rule on matters disclosed in that pleading. ■ An estoppel by judgment may be made by demurrer only when plaintiff's complaint discloses the matter relied upon to support the plea, and must otherwise be pleaded affirmatively by the defendant in his answer, and not in a memorandum in support of demurrer. (*Willson* v. *Security-First Nat. Bk.* (1943) 21 Cal.2d 705, 711 [134 P.2d 800]; *Garcia* v. *Garcia* (1957) 148 Cal. App.2d 147, 152 [306 P.2d 80]; *Talbot* v. *City of Pasadena* (1938) 28 Cal.App.2d 271, 272-273 [82 P.2d 483]; 46 Am.Jur.2d (1969) Judgments, § 588, pp. 749-750.)

■ Here, appellant's complaint did not allege or refer to any prior determination of the issue of confidentiality. Therefore, respondents cannot raise this issue by demurrer.

Further, the prior court's determination was made only for the purpose of admitting the tape into evidence and has no collateral estoppel effect. ■ "In general, the courts agree that the doctrine of collateral estoppel precluding the relitigation of particular facts or issues does not extend to evidentiary facts or mediate data, as distinguished from

the ultimate facts, involved in the prior or later action,..." (46 Am. Jur.2d, *supra*, Judgments, § 425, pp. 595-596.) Hence, collateral estoppel has been restricted to the facts directly put in issue by the pleadings, and held not to embrace facts which may be in controversy, but rest in evidence. (*Ahlers* v. *Smiley* (1909) 11 Cal.App. 343 [104 P. 997]; see also, 46 Am.Jur.2d, *supra*, Judgments, § 425, p. 596.)

■ Respondents also contend that appellant's allegation of damages pursuant to Penal Code section 637.2 is insufficient. This contention is equally without merit.

Penal Code section 637.2 allows damages for violation of that section for the greater of either three thousand dollars ($3,000), or three times the amount of actual damages, if any sustained. The statute also provides that it is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or been threatened with actual damages.

Therefore, even if appellant did not sufficiently allege actual damages, as respondents argued below, it would be entitled to a minimum judgment of $3,000, as actual damages are not a necessary prerequisite to an action pursuant to section 637.2.

■ Finally, appellant contends that the trial court improperly denied Ion's motion for partial summary judgment because the issuance of the writ of execution was improper as a matter of law.

Appellant's final contention fails for the reasons described earlier in this opinion. No authority exists that issuance of the writ during a stay of enforcement pending appeal constitutes abuse of process as a matter of law. Abuse of process is an intentional tort and appellant has not established the requisite intent on the part of respondents in connection with issuance of the writ of execution.

The trial court properly denied appellant's motion for partial summary judgment.

It is therefore ordered:

1. That the judgment dated May 10, 1978, is amended by adding a paragraph dismissing the second and third causes of action;

2.  That portion of the amended judgment dismissing the second cause of action is reversed;

3.  In all other respects, the judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 10, 1980.