[Civ. No. 20611. First Dist., Div. Three. Aug. 19, 1963.]

S. HARTMAN, Plaintiff, Cross-defendant and Respondent, v. THOMAS E. SMITH et al., Defendants, Cross-complainants and Appellants; GLADYS CRIVELLO, Cross-defendant and Respondent.

Birenbaum, Anderson & McClelland and David B. Birenbaum for Defendants, Cross-complainants and Appellants.

No appearance for Plaintiff, Cross-Defendant and Respondent.

Shirley, Saroyan, Cartwright & Peterson and Robert E. Cartwright for Cross-defendant and Respondent.

DRAPER, P. J.—This municipal court action for a real estate broker's commission ballooned into a broad array of cross-complaints by which the parties to the original exchange of real property claimed large damages against each other, causing transfer to the superior court. Only the last of the many pleadings is involved in this appeal.

That pleading is a "counterclaim" of the Smiths, alleging that Crivello, as a part of the exchange agreement, assumed "a certain obligation" of some $5,600 owed by Smiths, which was payable in installments. Smiths sought judgment for five payments of $75 each which they had made on that obligation, and decree for specific performance by Crivello of the assumption agreement. Crivello alleged that the obligation was secured by a deed of trust and chattel

mortgage and that the security had not been exhausted. Judgment was for Crivello, and Smiths appeal.

The only record before us is a partial clerk's transcript, which does not include the agreement of exchange, the assumption agreement, the agreement allegedly assumed, or the deed of trust and mortgage securing it. The court found that there has never been any resort to the security for the obligation.

Since none of the evidence is before us in any form, we must assume that this finding is supported. Under the "one form of action" rule (Code Civ. Proc., §§ 726, 580a) the finding supports the judgment. Smiths argue that they are subrogated to the rights of their creditor against Crivello (Civ. Code, §§ 2848, 2849). But the claim of their creditor is secured by deed of trust, and under our statutes the creditor must resort to his security when he seeks a money judgment upon the debt (*Roseleaf Corp.* v. *Chierighino*, 59 Cal.2d 35, 39 [27 Cal.Rptr. 873, 378 P.2d 97]). His subrogee could not claim a greater right. There has been no resort to that security, nor do Smiths seek such resort now. Their pleading seeks only to collect the debt, either by money judgment or by decree that Crivello pay the creditor direct.

Moreover, there is room to question Smiths' right to subrogation, since their creditor appears similarly limited in asserting any money claim against them. If they are mere volunteers (and there is nothing of record to support their claim that they were compelled to pay), their subrogation right would at best be doubtful.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.