**In re Bobby M. RIVERS and Barbara T. Rivers, Debtors.**

**Herbert S. McREYNOLDS, Plaintiff,**

**v.**

**Bobby M. RIVERS and Barbara T. Rivers, Defendants.**

**Bankruptcy No. LA 83–17071–CA.**
**Ref. No. M4–00893–CA.**

United States Bankruptcy Court,
C.D. California.

June 1, 1984.

Robert A. Hessling, Cohen, England & Whitfield, Oxnard, Cal., for plaintiff Herbert S. McReynolds.

Peter J. Celeste, Ventura, Cal., for debtors Bobby and Barbara Rivers.

## MEMORANDUM OF DECISION

(Complaint to Modify the Stay)

CALVIN K. ASHLAND, Bankruptcy Judge.

### FACTS

The debtors executed a promissory note for $40,000 in favor of Herbert S. McReynolds on October 4, 1982. The note was secured by two parcels of real property. One deed of trust secured an unimproved parcel located in Lake Arrowhead, California. The other deed of trust secured debtors residence in Oxnard, California.

Debtors defaulted on their obligation. McReynolds initiated foreclosure proceedings under the power of sale of each trust deed on May 13, 1983. The debtors filed a Chapter 11 petition on September 9, 1983. The filing of the petition stayed the impending foreclosure sales. 11 U.S.C. Section 362.

In September, 1983 McReynolds filed a complaint to modify the stay for foreclosure both trust deeds under the note. This court granted plaintiff a judgment modifying the stay, allowing McReynolds to foreclose his deed of trust on the Oxnard property only. The judgment was made without prejudice to McReynolds' subsequently being relieved of the stay as to the Lake Arrowhead property after the foreclosure sale on the Oxnard property.

On November 22, 1983 a trustee's sale of the Oxnard property was held. McReynolds bid $1,000 and became the purchaser of the property. The sum of $71,308.46 was still owed to McReynolds under the promissory note. Plaintiff filed this complaint on February 10, 1984 to foreclosure the trust deed on the Lake Arrowhead property.

The plaintiff is prohibited from foreclosing on the Lake Arrowhead property by California Code of Civil Procedure Section 726 (C.C.P. Sec. 726).

### DISCUSSION

The result in this case should not be surprising. It is dictated by *Walker v. Community Bank*, 10 Cal.3d 729, 111 Cal. Rptr. 897, 518 P.2d 329 (1974), the seminal California Supreme Court decision construing C.C.P. Sec. 726. *Walker* is analyzed and discussed in *In re Kristal*, 37 B.R. 659 (Bkrtcy.Cal.1984).

*Kristal* held that when the creditor deviated from the statutory proscriptions of C.C.P. § 726 by failing to apply for a fair value hearing within three months of the date of the foreclosure sale, the creditor waived its security interest in the remaining security pledged under the note. The sanction aspect of C.C.P. § 726 was triggered by the failure to comply with the deficiency proscriptions of the statute.

McReynolds named the two real property securities in his judicial action to be relieved of the stay. The Oxnard property

foreclosure sale was held on November 22, 1983. Plaintiff had up to and including February 22, 1984 to apply to this court for a fair value hearing to determine any deficiency. Plaintiff failed timely to apply for a fair value hearing as prescribed by C.C.P. § 726 and may not now attempt to satisfy the deficiency by realizing on the Lake Arrowhead property.

*Walker* was also analyzed and cited with approval in *Bank of America v. Daily,* 152 Cal.App.3d 767, 199 Cal.Rptr. 557 (1984). *Walker, Kristal* and *Daily* support the legislature's intent to protect defaulting debtors. The court stated in *Daily* at 773, 199 Cal.Rptr. 557:

> The harshness flowing from applying section 726 as a sanction is necessary to uphold the statutory policy of protecting debtors' rights. Modern legislative and case law do not view the defaulting mortgagor (trustor) as a wrongdoer. Several statutory provisions, including sections 580b, 580d, 725a and 726 protect those borrowers who default from being disadvantaged by lenders...

### CONCLUSION

The plaintiff is denied relief from the stay to foreclose on the Lake Arrowhead property.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order will be filed.