Filed 1/4/16  Roth v. Bains CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| JOHN ROTH III, | C076092 |
| Plaintiff and Appellant, | (Super. Ct. No. CVCS083195) |
| v. | |
| DIDAR S. BAINS et al., | |
| Defendants and Respondents. | |

Plaintiff John Roth, III loaned money to defendants Didar S. Bains and Santi M. Bains in February 2005.  The loan was evidenced by a promissory note and secured by a deed of trust on certain real property in Sutter County.  The Bainses defaulted on the loan in December 2008 and Roth sued for breach of contract.  Later, in April 2010, Roth sought and received leave to amend the complaint to assert a cause of action for judicial foreclosure; however, Roth failed to file the proposed amended pleading.

1

The case languished for more than two years. Finally, in January 2013, with the statutory deadline for mandatory dismissal looming (Code Civ. Proc., § 583.310)[1], Roth moved for preferential trial setting, claiming the case was at-issue, and disclaiming any intention of filing an amended pleading. The Bainses responded with a motion to dismiss for failure to prosecute. In March 2013 the trial court denied the Bainses' motion on the condition that Roth proceed on the original complaint. Roth accepted the trial court's condition.

Two months later, the Bainses amended their answer to assert an affirmative defense pursuant to section 726. The Bainses then moved for summary judgment on the grounds that section 726 bars Roth's complaint. Roth opposed the motion for summary judgment and filed a contemporaneous motion for leave to amend the complaint to seek judicial foreclosure. The trial court denied Roth's motion for leave to amend and granted the Bainses' motion for summary judgment.

On appeal, Roth contends the trial court erred in granting the motion for summary judgment because: (1) section 726 does not provide a complete defense to liability, (2) the Bainses failed to plead a viable defense under section 726, and (3) judicial foreclosure is embraced within the general prayer for relief in Roth's original complaint. We reject Roth's contentions and affirm the judgment.

## I. BACKGROUND

The Bainses borrowed $989,926 from Roth in February 2005. The loan was evidenced by a promissory note, which was signed by the Bainses and their son, Ajit

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

Bains.[2]  The note was secured by a deed of trust on certain real property in Sutter County.[3]

The Bainses defaulted on the loan, and Roth sued, asserting a single cause of action for breach of contract.  Roth's complaint, which was filed December 29, 2008, seeks damages consisting of the principal amount of the loan, plus interest, late fees, and attorneys' fees.  Roth's complaint also seeks, "Any further relief that the Court deems just and proper."  Roth's complaint does not mention the real property security for the loan, and does not seek judicial foreclosure by means of the deed of trust.  Roth's complaint does not append copies of the note or deed of trust.

The Bainses answered the complaint in propia persona.  The Bainses' answer does not assert an affirmative defense under section 726.  However, the Bainses reserved the right to amend the answer to assert additional affirmative defenses as appropriate.

The case was set for trial in June 2010.  In April 2010, approximately two months before the scheduled trial date, Roth, represented by new counsel, sought leave to amend the complaint to assert additional causes of action.[4]  The motion for leave to amend was accompanied by a proposed amended complaint containing new allegations regarding the deed of trust, and a new cause of action for judicial foreclosure.  The trial court granted the motion, directing Roth to file the amended complaint "forthwith," and "no later than

---

[2] Ajit Bains is not a party to this appeal.

[3] The parties apparently co-owned the Sutter County property.

[4] Roth's new counsel, Donald M. Wanland, Jr., was indicted for criminal tax evasion in January 2009.  Wanland represented Roth while released on his recognizance.  Wanland was convicted and taken into custody in September 2013, shortly before the hearing on the Bainses' motion for summary judgment.  (Walsh, *Sacramento attorney found guilty of tax-related charges*, Sacramento Bee (Sept. 27, 2013).)

3

ten (10) days from the date of notice of entry of this Order." Roth did not file his amended complaint within the time specified by the trial court, or any time thereafter.

More than two years later, in January 2013, Roth filed a motion for preferential trial setting noting, *inter alia,* that the statutory deadline for bringing the case to trial was December 28, 2013. Roth claimed that the case "involve[s] the simple issue of the failure of the [Bainses] to repay money borrowed from Roth under written agreements." Roth represented that the Bainses had answered the complaint, and the case was at issue. Roth made no mention of the never filed proposed amended complaint. The Bainses, now represented by counsel, responded to Roth's motion for preferential trial setting with a counter-motion to dismiss for failure to prosecute. The Bainses maintained that the case was not at issue, as Roth failed to file his proposed amended complaint within the time specified by the trial court, and they would not have sufficient time to conduct discovery if Roth were to file the proposed amended complaint now.

The trial court held a hearing on the motion to dismiss in March 2013. At the hearing, Roth's trial counsel argued, "With regard to the amendment, we were given permission to file an amendment. We were not ordered to do so. So we were under no obligation or compulsion to file an amended pleading at any point in time. That was plaintiff's election. Plaintiff chose not to do so for strategic reasons. Primarily because we did not want to reopen discovery at that point in time." Later, Roth's trial counsel insisted that the case was at issue, despite the failure to file the proposed amended complaint. According to Roth's trial counsel, "The case is and always has been at issue. Answers are on file. Answers have been on file since 2010, I believe. And so the case was never not at issue, with all due respect."

Following further argument, the trial court asked Roth's counsel, "If I were to deny their motions [to dismiss], would you agree that you would withdraw your—any right that you might have to file an amended complaint and proceed on the originally filed complaint?" Roth's trial counsel replied, "Yes, sir." Moments later, the trial court

4

denied the Bainses' motion to dismiss on the condition that Roth waive any right to file an amended complaint and proceed on the original complaint.

Less than three weeks later, the Bainses filed a motion for leave to amend their answer to add several new affirmative defenses, including a defense based on section 726. The trial court granted the motion. The Bainses filed their amended answer on May 31, 2013. The amended answer avers, "Plaintiff's Complaint and each cause of action therein alleged is barred by Code of Civil Procedure section 726, the One Action Rule."

On July 5, 2013, Roth filed an at-issue memorandum representing that the case was at issue. That same day, Roth filed a case management statement describing the case as a "Suit for Breach of Contract—failure to pay note."

On July 19, 2013, the Bainses filed a motion for summary judgment on the grounds that Roth's complaint was barred by section 726. On October 1, 2013, Roth filed an opposition to the motion, arguing that: (1) a "pending motion" to amend the complaint to add a prayer for judicial foreclosure would eliminate the only ground for the Bainses' motion, and (2) there was a "triable issue of material fact regarding whether foreclosure is an available remedy under Roth's prayer for 'any other relief' from this Court." The next day, Roth filed a second motion for leave to file an amended complaint. The motion was accompanied by a proposed amendment to complaint, which added judicial foreclosure to the prayer for relief.[5]

The trial court heard arguments on the Bainses' motion for summary judgment and Roth's motion for leave to amend on October 15, 2013, seven weeks before the December 2013 scheduled trial date. At the hearing, Eric R. Garner, an attorney appearing for Roth, acknowledged that "the case as pled initially a long time ago . . . was

---

[5] By this time, Roth's primary trial counsel, Wanland, had been taken into custody. Roth's opposition to the motion for summary judgment and second motion for leave to amend were filed by another lawyer from Wanland's firm.

just on the note itself, and there was no effort to seek to judicially foreclose."**6** Nevertheless, Garner argued that the complaint encompassed the remedy of judicial foreclosure because, "The parties have known the operative facts of this case forever. The note is in evidence, perhaps not in front of you right now, but it's been attested to at depositions. The deed of trust. This is not like the beginning of the case where everybody is wondering what happened to the deed of trust where's the note, where's the original, what's going on, who signed what, when, and why, okay. [¶] We have an amendment. Not an amended complaint, but an amendment sought to be filed by Mr. Wanland that when read with the original complaint references the note. The note references the deed of trust. Everybody knows what the deed of trust says. And the amendment further seeks to clarify that the additional remedy that the plaintiff wants is to foreclose on the property and to seek a deficiency judgment in the event that the property does not sell for more than the note." Garner acknowledged that the Bainses would have the right to demurrer to the proposed amended pleading, and the trial court, noting the imminent trial date, denied the motion for leave to amend.

The trial court then turned to the Bainses' motion for summary judgment. The Bainses' trial counsel reiterated that section 726 establishes a complete defense to Roth's complaint, adding that, "The plaintiff still is able to proceed with a nonjudicial foreclosure." Roth's counsel, Garner, responded, "So as a result of your earlier ruling on the motion for leave to amend, [the Bainses' counsel] is correct. There's an absolute defense, and it's because as a result of their amended answer asserting [section] 726 in the fourth year of this case and your now concomitant denial of my motion, that means that as to Mr. and Mrs. Bains there's an absolute defense . . . ." The trial court took the matter under submission.

---

**6** Roth apparently retained Garner to represent him at the hearing on the motion for summary judgment.

6

On November 18, 2013, the trial court entered an order granting the Bainses' motion for summary judgment. The trial court's order states:

"A. Defendants' Separate Statement of Undisputed Material Facts establishes the following eight undisputed facts:

"1. The promissory note that is the subject of this action ('Promissory Note') is secured by a deed of trust on real property located in Sutter County.

"2. The Promissory Note was signed by [the Bainses].

"3. [Roth's] Complaint in this action alleges a single cause of action for breach of contract.

"4. [Roth's] Complaint in this action does not allege a cause of action for judicial foreclosure.

"5. [The Bainses'] Answer to Plaintiff's Complaint raises Section 726 of the Code of Civil Procedure as an affirmative defense.

"6. On June 18, 2010, the Court granted [Roth] leave to file his amended complaint which included a cause of action for judicial foreclosure.

"7. [Roth] never filed the amended complaint.

"8. On January 14, 2013, [Roth] waived his right to file the amended complaint which included a cause of action for judicial foreclosure."

Based on the foregoing undisputed facts, the trial court determined that "[Roth's] election to sue on the Promissory Note only and not seek to foreclose on his Deed of Trust . . . is fatal to his Complaint." Accordingly, the trial court concluded that section 726 was "a complete defense to [Roth's] action against [the Bainses]."

The trial court entered judgment in favor of the Bainses on December 5, 2013. Roth, represented by new counsel, filed a motion for a new trial shortly thereafter. The motion argued *inter alia* that a newly available appraisal "clearly show[s] that a sale of the subject property's value (estimated at $750,000) in non-judicial foreclosure sale would not reasonably make [Roth] whole on a debt whose face value, without accounting

7

for accrued interest, is more than double that amount and where [Roth] and [the Bainses] co-own the property." The trial court denied the motion. The trial court granted the Bainses' motion for attorneys' fees in the amount of $105,711.77 shortly thereafter.

Roth filed a timely notice of appeal.

## II. DISCUSSION

### A. Standard of Review

A moving party is entitled to summary judgment when the party establishes that it is entitled to the entry of judgment as a matter of law. (§ 437c, subd. (c).) A defendant may make this showing by demonstrating that the plaintiff cannot establish one or more elements of all of his causes of action, or that the defendant has a complete defense to each cause of action. (*Id*., subd. (o).) On appeal, the court reviews an order granting a motion for summary judgment de novo. (See, e.g., *Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 945.) "We will affirm a summary judgment if it is correct on any ground, as we review the judgment, not its rationale. (*Overstock.com, Inc. v. Goldman Sachs & Co.* (2014) 231 Cal.App.4th 513, 528, fn. 10.)

### B. Section 726

We begin with an overview of section 726, which sets forth the so-called "one form of action" rule. (§ 726, subd. (a); *O'Neil v. General Security Corporation* (1992) 4 Cal.App.4th 587, 597 (*O'Neil*).) Section 726 provides, in part, as follows: "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter." (§ 726, subd. (a).) The "one form of action" is a foreclosure action (*Shin v. Superior Court* (1994) 26 Cal.App.4th 542, 545), in which the secured lender must first exhaust the security before seeking any monetary judgment for the deficiency (*Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 997 (*Security Pacific*)).

8

"As judicially construed, section 726 is both a 'security-first' and 'one-action' rule:  It compels the secured creditor, in a single action, to exhaust his security judicially *before* he may obtain a monetary 'deficiency' judgment against the debtor." (*O'Neil, supra*, 4 Cal.App.4th at p. 597.)  "The two fundamental purposes of section 726 are '(1) preventing a multiplicity of lawsuits against the debtor, and (2) requiring exhaustion of the security before a resort to the debtor's unencumbered assets.' [Citation.]" (*Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1397.)

"If a creditor, in violation of section 726, files suit on the note without pursuing foreclosure on the security, section 726's protections can be invoked in two distinct ways. [Citation.]  First, the debtor may raise section 726 as an affirmative defense, compelling the creditor to first exhaust the security before being entitled to a monetary judgment on the unsatisfied portion of the debt.  Alternatively, if the debtor elects not to raise the affirmative defense aspect of section 726, he may invoke it as a sanction:  The creditor who obtains a monetary judgment in contravention of the security-first rules of section 726 will be deemed to have forfeited his right to further pursue his security interest. [Citation.]" (*O'Neil, supra,* 4 Cal.App.4th at p. 597.)

The present case involves the use of section 726 as an affirmative defense.  As we shall discuss, section 726 provides a complete defense to Roth's complaint.

*C.  Section 726 Provides a Complete Defense to Roth's Complaint*

Roth contends the trial court erred in granting the Bainses' motion for summary judgment because, "[f]ailure to comply with [section] 726 is not a complete defense or total bar to a creditor's action to recover a secured debt."  We are not persuaded.

As we have discussed, section 726 can be invoked in two distinct ways: as an affirmative defense or a sanction.  (*O'Neil, supra,* 4 Cal.App.4th at p. 597; see also *Walker v. Community Bank* (1974) 10 Cal.3d 729, 734 (*Walker*) ["section 726 is susceptible of a dual application—it may be interposed by the debtor as an affirmative defense or it may become operative as a sanction"].)  Here, the Bainses sought and

9

received leave to amend their answer to assert an affirmative defense under section 726. Roth does not challenge the trial court's order granting the Bainses' motion for leave to amend, and does not deny that section 726 applies. Instead, Roth contends that section 726 cannot be a complete defense to liability, because section 726 does not extinguish the underlying indebtedness. Roth's argument is a non sequitur.

We have no difficulty accepting Roth's contention that section 726 does not extinguish the debt. (*Security Pacific, supra,* 51 Cal.3d at pp. 1005-1006 [secured lender who violates section 726 does not forfeit the debt]; see also *Prestige Ltd. Pshp. v. East Bay Car Wash Partners (In re Prestige Partnership)* (9th Cir. 2000) 234 F.3d 1108, 1115 (*Prestige*) [same].) Our problem stems from Roth's further suggestion that the continued existence of the debt precludes the use of section 726 as a complete defense. It is beyond peradventure that section 726 operates as an affirmative defense where, as here, a secured lender sues on the debt without first proceeding against the security. (§ 726, subd. (a); *Walker, supra,* 10 Cal.3d at p. 734.) It follows that section 726 operates as a complete defense where, as here, the lender's entire complaint is barred by the security first rule. (See *Hartman v. Smith* (1963) 219 Cal.App.2d 415, 417 [applying section 726 as a complete defense in secured creditor's action to enforce assumption agreement].) Indeed, Roth's own lawyer, Garner, acknowledged as much at the hearing on the motion for summary judgment.

*Security Pacific, supra,* 51 Cal.3d 991, on which Roth relies, does not alter our conclusion. In *Security Pacific,* the secured lender (a bank) was owed approximately $1 million under a note secured by a deed of trust. (*Id.* at pp. 995-996.) The bank took possession of approximately $2800 from the debtor's checking and savings accounts and declared a set-off in partial satisfaction of the debt. (*Ibid.*) The debtor moved for summary judgment, invoking section 726 as a sanction, rather than an affirmative defense. (*Security Pacific, supra,* at p. 996.) Specifically, the debtor argued that the bank's improper set-off waived both the security interest and the underlying debt. (*Ibid.*)

10

The trial court granted the debtor's motion for summary judgment, and the court of appeal affirmed. (*Ibid.*) Our Supreme Court reversed, holding that the bank waived its security interest, but did not forfeit the underlying debt. (*Id.* at pp. 1001-1002.) As the *Security Pacific* majority explained, "the law does not require that draconian sanction." (*Id.* at p. 1002.; see also *Prestige, supra,* 234 F.3d at p. 1116 [holding that, under *Security Pacific*, "the double sanction of losing both the security interest and the underlying debt is not allowed"].)

Security Pacific does not help Roth. As noted, *Security Pacific* deals with the sanction aspect of section 726, not the affirmative defense aspect. (*Security Pacific, supra,* 51 Cal.3d at p. 1005.) As a result, *Security Pacific's* limitations on the use of section 726 as a sanction are inapplicable here. Most of Roth's other authorities are distinguishable for the same reason. (see *Prestige, supra,* 234 F.3d at p. 1115 [considering use of section 726 as a sanction]; *O'Neil, supra,* 4 Cal.App.4th at p. 598 [same]; *Kirkpatrick v. Westamerica Bank* (1998) 65 Cal.App.4th 982, 988 [same].) *Scalese v. Wong* (2000) 84 Cal.App.4th 863, on which Roth also relies, is distinguishable because, unlike the Bainses, the debtors in that case waived the protections of section 726. (*Scalese v. Wong, supra,* at p. 870 [debtors "did not assert section 726 as a defense to the complaint" or "demand that the security be exhausted"].) Roth does not offer any authority for the proposition that section 726 cannot serve as a complete defense where, as here, the lender's entire complaint is barred by the security first rule, and our own research has uncovered none.

Roth argues that the trial court's application of section 726 was inequitable. He claims that the trial court "inflicted the sanction the Supreme Court decried in [*Security Pacific*], barring Roth from the right to recover the money he loaned the Bainses and allowing them to evade their obligation to repay him." We recognize that the one form of action rule may produce harsh results for unwary secured lenders. (See, e.g., *Walker, supra,* 10 Cal.3d at p. 740 [where loan was secured by both real and personal property,

11

bank lost security interest in real property after foreclosing on personal property only].)
We emphasize, however, that the trial court's order does not extinguish the Bainses' debt.
Roth may still attempt to collect the debt by means of a nonjudicial foreclosure sale.
(*Bank of America, N.A. v. Roberts, supra,* 217 Cal.App.4th at p. 1397 [section 726 does
not apply to nonjudicial foreclosure sale].)

Roth complains that he could not pursue a deficiency judgment if, as expected, the
proceeds from the sale of the Bainses' interest in the real property security fail to satisfy
the debt. (*Bank of America, N.A. v. Roberts, supra,* 217 Cal.App.4th at p. 1397 ["where
nonjudicial foreclosure is pursued, there is no court 'action' and therefore section 726
does not apply, but in that case antideficiency legislation would preclude an action for a
deficiency"].) We recognize that Roth's inability to pursue a deficiency judgment against
the Bainses means that he may never recover the full amount of the loan. In an ordinary
case, the secured lender would have timely amended the complaint to seek judicial
foreclosure, or filed a complaint seeking judicial foreclosure in the first instance.[7]
Having done so, the secured lender would be in a position to foreclose on the real
property security and then seek a personal judgment against the debtor for any deficiency.
(*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1236 ["In a judicial
foreclosure, if the property is sold for less than the amount of the outstanding
indebtedness, the creditor may seek a deficiency judgment, or the difference between the
amount of the indebtedness and the fair market value of the property, as determined by a
court, at the time of the sale"].) For whatever reason, Roth chose a different approach.
That this approach appears likely to have been economically disadvantageous does not
mean that the trial court erred. We reject Roth's contention that the trial court misapplied
section 726.

---

[7] As we shall discuss, Roth's complaint does not adequately assert a right to judicial
foreclosure.

*D. The Bainses Adequately Asserted an Affirmative Defense Under Section 726*

Next, Roth contends the trial court erred in granting summary judgment because the Bainses failed to plead a viable section 726 defense. Specifically, Roth contends the amended answer alleges "terse legal conclusions" rather than facts, and therefore fails to plead a viable defense.[8] (See *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 384 (*FPI*) [Affirmative defenses must not be pled as "terse legal conclusions," but rather . . . as facts " 'averred as carefully and with as much detail as the facts which constitute the cause of action and are alleged in the complaint' "].) Roth concedes that he failed to challenge the Bainses' allegations in the trial court.

In *FPI*, this court explained: "If the answer has made out some intelligible but defectively pled claim, in the absence of an appropriate challenge we will examine the defendants' showing, treating it as supplementing the pleading where it is plausibly connected to the claim, to determine whether a legally cognizable defense has been made out." (*FPI, supra,* 231 Cal.App.3d at p. 382-383.) Applying this framework, we conclude that the amended answer intelligibly asserts a section 726 defense. Assuming for the sake of argument that the defense was defectively pled, we further conclude that the Bainses' showing on summary judgment supplemented their answer and adequately asserted a defense under section 726. Having concluded that the Bainses adequately asserted a section 726 defense, we necessarily reject Roth's contention that they waived section 726's protections. (See *Pacific Valley Bank v. Schwenke* (1987) 189 Cal.App.3d 134, 145 [waiver of section 726's protections must be shown by "clear and convincing evidence that 'does not leave the matter doubtful or uncertain . . .' "].)

---

[8] As noted, the Bainses' answer alleges: "Plaintiff's Complaint and each cause of action therein alleged is barred by Code of Civil Procedure section 726, the One Action Rule."

13

*E.  Roth's Complaint Does Not Seek Judicial Foreclosure*

Finally, Roth contends that the trial court erred in granting summary judgment because:  (1) Roth waived the right to amend the complaint, not the right to foreclose; (2) judicial foreclosure is a remedy, not a cause of action; and (3) the remedy of judicial foreclosure was embraced within the general prayer for relief in the original complaint. We accept Roth's first two contentions for the sake of argument, and reject the third.

Relying on *Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518 (*Slovensky*), Roth argues that, "The court may grant relief beyond that specifically prayed for even in the absence of an amendment."  In *Slovensky*, the plaintiff, a dissatisfied client, sued her former attorneys for malpractice and breach of fiduciary duty.  (*Id.* at p. 1521.)  Her complaint sought compensatory and punitive damages, and " 'such other and further relief as the Court may deem proper.' "  (*Id.* at p. 1525.)

The defendants moved for summary judgment on the grounds that the plaintiff could not prove damages because the statute of limitations had run on her claims before she consulted them.  (*Slovensky, supra,* 142 Cal.App.4th at pp. 1521-1522.)  The trial court granted summary judgment, agreeing with the defendants that plaintiff's inability to prove damages defeated her entire action.  (*Id.* at p. 1522.)  The trial court also found that the plaintiff could not seek disgorgement of attorneys' fees for breach of fiduciary duty because she did not plead entitlement to such relief.  (*Ibid.*)

On appeal, this court rejected the trial court's conclusion that the plaintiff's failure to specially plead the remedy of disgorgement prevented her from claiming it. (*Slovensky, supra,* 142 Cal.App.4th at p. 1535.)  The court explained:  "Disgorgement of attorney's fees is a *remedy* sought by plaintiff.  There is a 'basic distinction . . . between the cause of action (the primary right and duty, and the violation thereof) and the remedy or relief sought.'  (4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 30, p. 92.)  'The gravamen, or essential nature . . . of a cause of action is determined by the primary right

14

alleged to have been violated, not by the remedy sought. [Citation.]' [Citation.]"
(*Slovensky, supra,* at p. 1535.) " 'Under the prayer for general relief, '" the court
continued, "the court can give such judgment as plaintiffs show themselves entitled to,
and as may be necessary to effect justice between the parties and protect the rights of
both.' [Citation.]" (*Id.* at pp. 1535-1536.)

Applying these principles, the court concluded, "Plaintiff's claim for disgorgement
of fees does not fall on summary judgment merely because she did not use the word
'disgorgement' in her complaint. Plaintiff's general prayer for 'such other and further
relief as the Court may deem proper' was sufficient to plead entitlement to disgorgement
as a remedy. [Citation.]" (*Slovensky, supra,* 142 Cal.App.4th at p. 1536.) Nevertheless,
the court concluded that the plaintiff's disgorgement claim failed under *Frye v.
Tenderloin Housing Clinic, Inc.* (2006) 38 Cal.4th 23, 48 (*Frye*), which holds that
disgorgement of fees is not warranted when an attorney's misrepresentation or
concealment causes the client no damage. (*Ibid.*)

*Slovensky* is distinguishable. In *Slovensky,* the plaintiff alleged facts that would
have established an entitlement to the remedy of disgorgement, but for the rule set forth
in *Frye.* (*Slovensky, supra,* 142 Cal.App.4th at p. 1524.) In this case, by contrast, the
complaint does not allege any facts that would support judicial foreclosure. As noted, the
complaint asserts a single cause of action for breach of contract, seeks damages
(including interest and late fees), attorneys' fees, and "Any further relief that the Court
deems just and proper." The complaint does not mention the real property security for
the loan, does not seek judicial foreclosure by means of the deed of trust, and does not
append the note or deed of trust. Unlike the complaint in *Slovensky,* which merely failed
to specify the remedy of disgorgement in the prayer for relief, the present complaint fails
to allege any facts that would suggest an entitlement to judicial foreclosure.

15

*Johnson v. Polhemus* (1893) 99 Cal. 240 (*Polhemus*), on which Roth also relies, is similarly distinguishable.[9] In *Polhemus*, the parties entered into two agreements—a promissory note and a separate agreement to pay a prior mortgage—as part of the same transaction. (*Id.* at p. 242.) Both agreements were secured by a single mortgage. (*Ibid.*) The defendant made payments on the note, which the plaintiff allocated to the agreement. (*Id.* at pp. 242-243.) The plaintiff then brought an action to recover the balance due on the note. (*Id.* at p. 243.) The trial court found that the defendant's payments should have been applied to the note. (*Ibid.*) Although the trial court's determination left the agreement unpaid, the court entered judgment for the defendant because the complaint did not specifically seek relief under the agreement. (*Id.* at pp. 243-244.) Our Supreme Court reversed, holding that the plaintiff's claim for relief was embraced within the issues, despite the failure to specify the agreement in the prayer. (*Id.* at p. 247.)

The plaintiff's allegations in *Polhemus* were substantially more specific than Roth's allegations in this case. In *Polhemus,* the plaintiff's complaint specifically referenced the note, the agreement, and the real property security and asked "in the usual form for a decree of foreclosure of the mortgage and sale of the mortgaged premises." (*Polhemus, supra,* 99 Cal. 240 at p. 243.) Despite the defective prayer, the plaintiff's complaint set forth sufficient facts to put the defendant on notice of the nature of the

---

[9] During oral argument, Roth relied on *Harden v. Ware* (1880) 5 Pac. C.L.J. 317, an unreported case discussed in *Polhemus*. *Harden v. Ware* does not help Roth for at least three reasons. First, the *Polhemus* court's brief discussion of the complaint in *Harden v. Ware* does not permit us to meaningfully compare the plaintiff's allegations in that case with Roth's allegations here. Second, the underlying opinion in *Harden v. Ware* is unpublished, and therefore noncitable pursuant to rule 8.1115(a) of the California Rules of Court. Third, our Supreme Court expressly disapproved of *Harden v. Ware* in *Hibernia Savings & Loan Soc. v. Thornton* (1898) 123 Cal. 62, noting that, "after the opinion there given was filed, a rehearing in the cause was granted, and subsequently, without any further action by this court, the appeal was dismissed upon stipulation of the parties." (*Id.* at p. 64.)

16

action and the remedies sought. (See *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 415 ["A complaint must set forth the facts with sufficient precision to put the defendant on notice about what the plaintiff is complaining and what remedies are being sought"].) In this case, by contrast, there is nothing in the complaint that would alert the Bainses to the possibility that Roth intended to seek judicial foreclosure. Indeed, Roth's trial counsel expressly disavowed any such intention. On this record, we conclude the complaint does not embrace judicial foreclosure, as Roth's counsel, Garner, effectively conceded when he told the trial court, "the case as pled initially a long time ago . . . was just on the note itself, and there was no effort to seek to judicially foreclose."

"The burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint.* A 'moving party need not ". . . refute liability on some theoretical possibility not included in the pleadings." [Citation.]' " (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342.) Because the complaint does not allege any facts suggesting an entitlement to judicial foreclosure, we conclude that Roth's unpled theory could not serve as a basis for denying summary judgment. (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663 ["summary judgment cannot be denied on a ground not raised by the pleadings" (italics omitted)].) Having so concluded, we further conclude that the trial court did not err in denying Roth's motion for a new trial and granting the Bainses' motion for attorneys' fees.

## III.  DISPOSITION

The judgment is affirmed.  The Bainses shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____
RENNER, J.

We concur:

/S/

_____
BUTZ, Acting P. J.

/S/

_____
MAURO, J.